SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN - 2 2023
ARTHUR JOHNSTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SYLVIA LUCKETT                                                                PLAINTIFF

Vs                                        CIVIL ACTION NO. 3:23cv 352-HTW-LGI

STATE AUTO INSURANCE COMPANIES and
JOHN AND JANE DOES PERSONS and ENTITIES 1-10                 DEFENDANTS

## COMPLAINT

### (JURY TRIAL REQUESTED)

Plaintiff Sylvia Luckett, by and through undersigned counsel, files this Civil Action to recover damages against Defendants State Auto Insurance Companies and John and Jane Does Persons and Entities 1 through 10, and in support thereof, state as follows:

### I. PARTIES

1. Plaintiff, Sylvia Luckett, is a resident adult citizen of the Hinds County, Mississippi, residing at 5084 Hwy 80 West, Jackson, Mississippi.

2. Defendant State Auto Insurance Companies (hereinafter referred to as "State Auto") is a Foreign business corporation, with its Corporate Headquarters in Columbus, Ohio, licensed to do (and in fact doing) business in the State of Mississippi and may be served with process by service through U.S. Corporation Company, as its Registered Agent located at 109 Executive Drive, Ste 3, Madison, Mississippi.

3. Defendants John and Jane Does Persons and Entities 1 through 10 are adjusters, and/or representatives of Defendants, State Auto, that were involved in/responsible for adjusting Plaintiff's claims that gave rise to this litigation and/or making the decisions regarding the handling of this claim, the conduct of whom/which subjects them to individual liability under the laws of

1

the State of Mississippi; and/or are "alter egos" of Defendants and/or are corporations, individuals, insurance companies, or other entities that caused or contributed to Plaintiff's damages as set-forth herein.

## II. VENUE AND JURISDICTION

4. Plaintiffs incorporate by reference the preceding paragraphs.

5. This Court has jurisdiction under § 1332 in that the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states. Venue in this matter is proper under 28 U.S.C. § 1391, as a substantial part of the events or omissions as alleged infra and giving rise to these claims occurred in the Northern Division of the Southern District of Mississippi.

## III. UNDERLYING FACTS

6. Plaintiff incorporates by reference the preceding paragraphs.

7. Plaintiff purchased and moved into their home located at 5084 Hwy 80 West, Jackson, Mississippi (hereinafter "Residence") in 2019.

8. Plaintiff obtained homeowner's insurance on the Residence from Defendants, and at all material times were insureds under a policy of homeowners insurance solicited, underwritten, sold, issued, and/or administered by Defendants (hereinafter "Policy"). Defendants are in possession, custody and/or control of the Policy, believed to be Policy Number 1000210281. However, despite Plaintiff's requests, Defendants have refused to provide Plaintiff with a copy of the Policy, certified or otherwise.

9. The Policy constitutes a valid and binding contract. Plaintiff paid all premiums due and performed and satisfied all conditions/requirements/conditions precedent under the Policy.

10. On or about January 2023, a large fire was in front of her home and smoke from the fire engulfed the Residence, causing smoke damage. On or about January 2023, Plaintiff contacted State Auto Insurance Companies and filed a claim with Defendants for the damage.

11. On or about February 2023, a home next to the Plaintiff's home was being demolished, causing more damage to the Plaintiff's home. Plaintiff contacted State Auto in February 2023, notifying State Auto of the damage.

12. Plaintiff made a proper and timely claim under the Policy, but Defendants, acting in bad faith, denied the Plaintiff's claims by denying the claim without an arguable or legitimate basis.

## IV. CAUSES OF ACTION

13. Plaintiff incorporates by reference the preceding paragraphs.

14. Although Plaintiff made a proper and timely demand for benefits due and owing under the subject Policy of insurance, Defendants wrongfully, negligently, grossly negligently, intentionally and/or willfully refused, and continue to this day to refuse, to pay benefits due the Plaintiff under the terms of the Policy of insurance.

15. Defendants conducted themselves in a bad faith and tortious manner and committed a breach of their obligations under the subject Policy of insurance, which conduct resulted in a wrongful denial of insurance benefits to Plaintiff under the subject Policy of insurance.

16. Defendants have an express and/or implied duty to treat the Plaintiff with good faith and fair dealing, and Defendants breached this duty.

17. Defendants' conduct is contrary to the terms and conditions of the subject Policy of insurance and established law. Defendants are liable to Plaintiff for the following conduct:

a. Negligent, grossly negligent, intentional, malicious and/or reckless failure to adequately, timely and properly investigate and adjust Plaintiff's claims;

b. Negligently, grossly negligently, intentionally, maliciously and/or recklessly attempting to subjectively construe the terms and conditions of the subject Policy of insurance in a manner contrary to the terms and conditions of the Policy, without making any determination with any degree of certainty about the damages caused to Plaintiff's property and the cause thereof, and acting to protect their own financial interests at the expense of Plaintiff;

c. Negligently, grossly negligently, intentionally, maliciously and/or recklessly failing to construe ambiguities in Policy language in favor of Plaintiff;

d. Negligent, grossly negligent, intentional, malicious and/or reckless failure to pay Plaintiff benefits due at a time when Defendants knew Plaintiff was entitled to benefits under the subject insurance Policy;

e. Negligent, grossly negligent, intentional, malicious and/or reckless failure to provide Plaintiff any reasonable or justifiable basis for failing to honor the Plaintiff's claims for benefits in relation to the insurance Policy, the facts and applicable law;

f. Negligently, grossly negligently, intentionally, maliciously and/or recklessly acting in contravention of established Mississippi law;

g. Negligently, grossly negligently, intentionally, maliciously and/or recklessly materially misrepresenting the contents, terms, conditions and benefits of the subject Policy of insurance;

h. Negligently, grossly negligently, intentionally, maliciously and/or recklessly materially misrepresenting the cause of Plaintiff's loss, and/or ignoring causative factors covered under the subject Policy of insurance;

4

i. Negligently, grossly negligently, intentionally, maliciously and/or recklessly converting monies rightfully belonging to Plaintiff's to their own use;

j. Negligently, grossly negligently, intentionally, maliciously and/or recklessly sending adjuster(s) with inadequate training, experience or competency to inspect the damages to Plaintiff's Residence;

k. Negligently, grossly negligently, intentionally, maliciously and/or recklessly depriving Plaintiffs peaceful use and occupancy of their Residence;

l. Negligently, grossly negligently, intentionally, maliciously and/or recklessly devaluing Plaintiff's Residence;

m. Negligently, grossly negligently, intentionally, maliciously and/or recklessly failing to ensure Plaintiff's losses were adjusted in a consistent and non-arbitrary manner;

n. Negligently, grossly negligently, intentionally, maliciously and/or recklessly failing to restore Plaintiff's Residence to its pre-loss condition by refusing to pay for necessary repairs and/or replacements to Plaintiff's Residence in accordance with the terms of Defendants' contract of insurance and the Policy, and by failing to provide all such other benefits to which Plaintiff is entitled under the subject Policy of insurance;

o. Negligently, grossly negligently, intentionally, maliciously and/or recklessly withholding payments from Plaintiff when they knew or should have known that Plaintiff's claims for the restoration of their Residence and all other foreseeable and related losses were caused by covered perils and were valid under the Policy;

p. Negligently, grossly negligently, intentionally, maliciously and/or recklessly denying Plaintiff's covered claims without a legitimate or arguable reason;

      q. Negligently, grossly negligently, recklessly and/or willfully and maliciously compelling Plaintiff to engage legal counsel to initiate litigation to recover their contractual benefits;

      r. Negligently, grossly negligently, recklessly and/or willfully and maliciously delaying payment of Plaintiff's claims in a fashion calculated to cause Plaintiff's substantial inconvenience, distress and anguish;

      s. Negligently, grossly negligently, recklessly and/or willfully and maliciously delaying payment of Plaintiff's claims, and refusing to pay Plaintiff's claims, resulting in the advancement of damage throughout Plaintiff's Residence and causing Plaintiff to suffer adverse consequences to their Residence value;

      t. Negligently, grossly negligently, recklessly and/or willfully and maliciously seeking to identify grounds on which to deny Plaintiff's claims, while ignoring the obvious causative link between Plaintiff's losses and covered perils;

      u. Acting in conscious, gross and/or reckless disregard for the rights of the Plaintiff;

      v. Negligently, grossly negligently, recklessly and/or willfully and maliciously failing and/or refusing to provide Plaintiff with a copy of the Policy upon request; and

      w. Other acts to be shown at the trial of this matter.

17. Plaintiff satisfied all of her obligations under the subject policy of insurance and took all possible steps, within their means, to mitigate their damages and performed and satisfied all conditions/requirements/conditions precedent under the Policy.

18. Defendants accepted insurance premiums from Plaintiff from the inception of coverage under the subject Policy of insurance. The monies paid by the Plaintiff as premiums for the subject Policy of insurance were meant to secure homeowners' insurance coverage in accordance with the terms and conditions of the subject Policy of insurance and the representations of Defendant's agents. Although Defendants and their agents knew this was the intention of the Plaintiff in paying premiums for the subject Policy, Defendants converted the Plaintiff's property, in the form of insurance premiums / commissions, over to their own use, and did not procure and/or provide coverage in the manner represented to the Plaintiff.

19. Additionally, by virtue of Plaintiff's claims on the subject Policy, Defendants became liable to Plaintiff to pay them a sum of money sufficient to repair and/or replace the damaged portions of Plaintiff's Residence. Defendants converted said sums of money over to Defendants' own use, however, and prevented Plaintiff from enjoying the use and value of said monies, while forcing Plaintiff to live with a damaged Residence.

20. By holding and using premium payments made by Plaintiff, while not procuring and/or providing the coverage represented to Plaintiff; and by holding the sums of money necessary to repair and/or replace the damaged portions of Plaintiff's Residence subsequent to the Plaintiff's claims, Defendants assumed unlawful dominion over the personal property (in the form of money) of Plaintiff, in defiance and/or exclusion of Plaintiff's rights, and withheld possession from Plaintiff under a claim of right or title inconsistent with that of Plaintiff, and contrary to the Plaintiff's rights, the terms and conditions of the subject Policy of insurance, and applicable law.

21. As a result of these acts, as more fully set forth below, the Defendants are liable to Plaintiff for the torts of breach of contract, breach of duties of good faith and fair dealing, conversion, constructive trust, and insurance bad faith, and have damaged Plaintiff in an amount

7

to be proven at trial for actual, economic and compensatory damages, in addition to attorney fees and punitive and extra contractual damages.

## V. BREACH OF CONTRACT

22. Plaintiff incorporates and reasserts the allegations of preceding paragraphs.

23. The Contract/Policy between Defendants and Plaintiff was valid and binding and called for Defendants to act according to the terms and conditions of the subject Policy of insurance and established law. As set forth herein, Defendants breached the express and implied terms of (and otherwise acted in a manner inconsistent with/as to frustrate the purpose of the Contract/Policy and the justified expectations of Plaintiff); and Plaintiff has been damaged monetarily as a result.

24. As a result of these breaches, Plaintiff seeks and is entitled to all damages allowed under Mississippi law.

## VI. BREACH OF DUTIES OF GOOD FAITH AND FAIR DEALING

25. Plaintiff incorporates and reasserts the allegations of the preceding paragraphs.

26. At all times pertinent to the allegations of the Complaint, Defendants acted in a manner as to hinder or prevent performance (and failed to take the necessary affirmative steps to cooperate in achieving the goals) of the Contract/Policy and were not faithful to the Contract's/Policy's agreed purpose and the justified expectations of Plaintiff. All of this conduct violates the standards of decency, fairness and reasonableness such that Defendants have breached the duties of good faith and fair dealing.

27. As a result of these breaches, Plaintiff seeks and is entitled to all damages allowed under Mississippi law.

## VII. CONVERSION

28. Plaintiff incorporates and reasserts the allegations of preceding paragraphs.

29. Despite demands from Plaintiff, Defendants have wrongfully/without authorization (and in exclusion and defiance of/inconsistent with Plaintiff's rights) acted with the intent to possess/exercise dominion over amounts owed to/owned by Plaintiff and converted those monies to/for their own purposes/uses.

30. As a result, Plaintiff seeks and is entitled to all damages allowed under Mississippi law for conversion.

## VIII. INSURANCE BAD FAITH

31. Plaintiff incorporates and reasserts the allegations of preceding paragraphs.

32. Defendants have exhibited reprehensible conduct and bad faith in the handling of Plaintiff's insurance claim and failing to provide Plaintiff with a copy of the Policy upon request.

33. As a result, Plaintiff seeks and is entitled to all damages allowed under Mississippi law for bad faith. To the extent Defendants' conduct does not rise to the level of bad faith, Plaintiff is entitled to and seek <u>Veasley</u> damages.

## IX. DAMAGES

34. Plaintiff incorporates by reference the preceding paragraphs.

35. As a direct and proximate result of Defendants, and each of their actions and conduct, including the Defendants' failure and refusal to honor their contractual and/or implied obligations to Plaintiff, Plaintiff has suffered substantial actual, economic and compensatory damages, including but not limited to benefits withheld; economic losses, such as attorney's fees incurred in bringing this action, travel and other incidental expenses; costs and expenses incurred in trying to maintain the Plaintiff's home and mitigate the Plaintiff's damages; inconvenience, distress and anguish; worry; fair market value of Residence belonging to the Plaintiff wrongfully converted by the Defendants; loss of value to the Plaintiff's Residence; and other damages to be shown at the

trial of this matter, for all of which the Plaintiff is entitled to be compensated by these Defendants, jointly and severally, in an amount to be determined by a Jury at the trial of this matter.

36. The actions of the Defendants, and each of them, as set forth in the preceding paragraphs, were so outrageous and/or malicious as to shock the conscious of a reasonable person; proximately caused Plaintiff to suffer, and to continue to suffer, inconvenience, worry and distress; and was conduct Defendants knew, or should have known, would cause Plaintiff to suffer the damages complained of herein. Defendants knew, and have been put on actual notice, that their refusal to properly and fairly adjust and pay the Plaintiff's claims resulted in Plaintiff losing value in their Residence and causes further harm to the roof and Residence. As a result of their outrageous conduct, the Defendants, and each of them, are liable to the Plaintiff for an amount of money sufficient to compensate her for the damages and distress, as well as punitive damages in amount sufficient to punish the Defendants for their misconduct and deter Defendants, and others similarly situated, from engaging in similar behavior in the future.

37. The conduct of the Defendants, and each of them, as referenced in the preceding paragraphs, was attended by such gross negligence, reckless disregard for the rights of the Plaintiff, and/or malicious, intentional and/or willful misconduct, as to constitute an independent tort, making the Defendants, and each of them, liable to the Plaintiff for punitive damages, under Mississippi Law and/or under the common law, in an amount to be determined by a Jury, but in an amount sufficient to punish the Defendants for their misconduct, and to deter these Defendants, and others similarly situated, from engaging in such acts and conduct in the future..

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants jointly and severally, for actual, compensatory and punitive damages, in an amount to be determined by a Jury in this cause, together with pre-judgment and post-judgment interest in

the amount of 8% and/or a reasonable amount to be fixed by the Court; attorneys' fees and costs and expenses of this action; and any and all additional relief in favor of the Plaintiff deemed appropriate by this Honorable Court.

RESPECTFULLY SUBMITTED this the 31 day of May, 2023.

SYLVIA LUCKETT, Plaintiff

_____
Toby J. Gammill, Esq. (MSB #100367)

Derek L. Hall (MSB#10194)
Toby J. Gammill (MSB#100367)
Derek L. Hall, PLLC
370 Towne Center Boulevard
Ridgeland, MS 39157
Telephone (601) 202-2222
Facsimile (601) 981-4717
Derek@dlhattorneys.com
Toby@dlhattorneys.com
*Attorneys for the Plaintiff*

11